UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| ANGEION CORPORATION, a Minnesota corporation, Plaintiff, vs. BIOTRONIK, INC., an Oregon corporation; and MEDASSETS HSCA, INC. a Delaware corporation, Defendants. | Civil Action No. 01-2338 JMR/FLN<br><br>STIPULATED PROTECTIVE ORDER |

Pursuant to Fed.R.Civ.P. 26(c) and the stipulation of the parties, it appearing to the Court that a protective order is necessary, appropriate and will facilitate discovery,

IT IS HEREBY ORDERED that:

1. As used herein, the term "Confidential Information" includes (a) proprietary technical information and specifications; (b) trade secrets; (c) confidential know-how; and (d) proprietary business information the disclosure of which is likely to have the effect of causing substantial harm to the competitive position of the person, partnership, corporation or other organization from which the information is obtained. As used herein, the term "Highly Confidential Information" consists of financial information of the parties. Although neither party is foreclosed from designating, in the first instance, any specific documents or other discovery responses as Highly Confidential Information, any dispute regarding the designated level of confidentiality of any information produced to the opposing party shall be governed by Paragraph 20 of this Protective Order. The term "Confidential Information" and the term "Highly Confidential Information" shall also include such information of third parties obtained pursuant to discovery of this action.



DONAHUE & ASSOCIATES
1620 Benj. Franklin Plaza • One S.W. Columbia Street
Portland, OR 97258-2098 •(503) 226-1084

CLE - 704644.1

FILED JAN 29 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

2. All Confidential Information and Highly Confidential Information produced or exchanged in the course of this civil action shall be used solely for the purpose of preparing for and conducting this case, including trial and appeals, if any, and shall not be used in any other civil action or for any other purpose except as may be ordered by this Court.

3. Access to Confidential Information shall be limited to:

a. The parties and the following attorneys of record in this action:

For plaintiffs:

Angcion Corporation
Randall T. Skaar
Patterson, Thuente, Skaar & Christensen, P.A.
4800 IDS Center
80 South 8th Street
Minneapolis, Minnesota 55402-2100

For defendant :

Biotronik, Inc.

Sean Donahue
Donahue & Associates
1620 Benj. Franklin Plaza
One S.W. Columbia Street
Portland, OR 97258-2098

Mark A. Watkins
Hahn Loeser & Parks LLP
Twin Oaks Estate
1225 West Market Street
Akron, Ohio 44313-7154

including other attorneys and necessary clerical and support staff employed by the attorneys of record in this case.

b. The following employees of the parties:

For plaintiffs: [to be listed in final form of order]

For defendants: [to be listed in final form or order]

Each side shall have the right to change or add to such designations by giving not less than ten (10) days written notification to the other side. Each designated employee will execute

an undertaking agreement to be bound by the terms of this Protective Order prior to receiving any disclosure of Confidential Information.

c. Persons independent from any of the parties to this action and consulted by a party or counsel for the party solely for the purpose of providing expert or technical services in connection with discovery or preparation for trial in this action, or for the purpose of offering expert testimony at the trial of this action, provided that:

i) Not less than ten (10) days prior to first disclosure of Confidential Information to the expert, counsel for the party who designated the information as confidential has received a written notice identifying the expert;

ii) Prior to the first disclosure of Confidential Information to the experts, the expert shall execute an undertaking agreeing to be bound by the terms of this Protective Order;

d. Court reporters who take and transcribe testimony, plus necessary clerical assistants;

e. Prior employees of the party who designated the information, which employees were employed at the time the Confidential Information was created and who have had access to such Confidential Information as evidenced by the information itself in that it is either addressed to, from or copied to the prior employee. No copies of the Confidential Information shall be given to the prior employee for them to retain; and

f. The Court, its staff and the jury.

4. The provisions of Paragraph 3 of the Protective Order applicable to Confidential Information shall apply to Highly Confidential Information with the exception that



DONAHUE & ASSOCIATES
1020 Benj. Franklin Plaza - One S.W. Columbia Street
Portland, OR 97258-2098 •(503) 226-1084

access to Highly Confidential Information shall be given only to the attorneys of record and persons referenced in Paragraphs 3(c), (d) and (e).

5. The persons entitled to have access to Confidential Information and/or Highly Confidential Information pursuant to the terms of Paragraphs 3 and 4 of this Protective Order shall not disclose or make available in any manner such Confidential Information, and/or Highly Confidential Information including any summaries, abstract or indices thereof to any person other than (1) those persons entitled to such access pursuant to the terms of Paragraphs 3 or 4, or (2) the officers, directors or employees of the party who produced the Confidential Information and/or Highly Confidential Information.

6. Documents and other discovery materials containing Confidential Information shall be designated as such by marking each page of the document or other discovery material with the following legend (or some other comparable notice):

*CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER*

7. Documents or other discovery materials containing Highly Confidential Information shall be designated as such by marking each page of the document or other discovery material with the legend (or some other comparable notice):

*HIGHLY CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER*

8. A physical specimen or thing containing Confidential Information or Highly Confidential Information shall be designated as such by marking such physical specimen or thing with a legend including the word CONFIDENTIAL or HIGHLY CONFIDENTIAL as the case may be. Where it is impractical to so mark such an item, the producing party shall take other steps to reasonably notify the receiving party of its confidential designation.

9. If a party believes that inspection, measuring, testing, sampling or photographing of that party's processes, products, equipment, premises or other property pursuant to Fed.R.Civ.P. 34 will reveal or disclose information that is in good faith deemed Confidential Information and/or Highly Confidential Information, that party shall advise in advance the party



DONAHUE & ASSOCIATES
1620 Benj. Franklin Plaza • One S.W. Columbia Street
Portland, OR 97258-2098 •(503) 226-1084

seeking such discovery that the inspection, measuring, testing, sampling or photographing will be permitted only on a confidential basis, and that the material discovered, and any information derived from that material, shall be treated as Confidential Information and/or Highly Confidential Information. If the party providing the discovery fails to advise in advance the party seeking discovery that any inspection, measuring, testing, sampling or photographing would be permitted only on a confidential basis, any confidentiality is waived unless otherwise stipulated or ordered, and except as provided in Paragraph 10 of this Protective Order.

10. If a party, through inadvertence, produces any Confidential Information and/or Highly Confidential Information without labeling or marking or otherwise designating it as such in accordance with the provisions of this Protective Order, the producing party may give written notice to the receiving party that the document or thing produced is deemed Confidential Information and/or Highly Confidential Information and should be treated as such in accordance with the provisions of this Protective Order. The receiving party must treat such documents and things as Confidential Information and/or Highly Confidential Information from the date such notice is received. Disclosure, prior to the receipt of such notice, of such Confidential Information and/or Highly Confidential Information to persons not authorized to receive the same shall not be deemed a violation of this Protective Order.

11. If a party, through inadvertence, produces any document or information that it believes is immune from discovery pursuant to attorney-client privilege or the work product privilege, such production shall not be deemed a waiver of any privilege, and the producing party may give written notice to the receiving party that the document or information produced is deemed privileged. Failure to give written notice within 10 business days from discovery of the inadvertent disclosure shall be deemed a waiver of any claimed privilege. The party who has produced the document may petition the Court for a return of the document and will be entitled to have the document returned upon a showing that it is protected from discovery and was produced solely through inadvertence.



DONAHUE & ASSOCIATES
1620 Benj. Franklin Plaza • One S.W. Columbia Street
Portland, OR 97258-2098 •(503) 226-1084

12. Counsel for the respective parties shall identify either on the record or in writing to counsel for the other party those portions of deposition transcripts and exhibits to the depositions which contain or refer to Confidential Information and/or Highly Confidential Information. Upon notification of a deposition that particular testimony or exhibits will disclose Confidential Information and/or Highly Confidential Information, that portion of the deposition directed in such testimony or exhibit shall take place only in the presence of persons entitled to access to such information in accordance with paragraphs 3 and 4 hereof. Thereafter, the portions of deposition transcripts and exhibits identified as Confidential, and all copies and synopses thereof, shall be marked in accordance with paragraphs 6 to 8 of this Protective Order. Counsel's designation of Confidential Information and/or Highly Confidential Information contained in deposition transcripts and exhibits shall be made no later than thirty (30) days after receipt of the deposition transcript. The entire deposition transcript and exhibits shall be treated as Confidential in accordance with the provisions of this Protective Order until such designation is made or the time within which to make such designation has expired.

13. All correspondence, legal memoranda, motion papers, pleadings and other written materials which quote or refer to the substance of any Confidential Information and/or Highly Confidential Information shall also be treated as Confidential in accordance with the provisions of this Protective Order, and each page of such document shall be marked in accordance with paragraph 6 of this Protective Order.

14. The parties will use reasonable care to avoid designating as Confidential any documents or information which has been published or can otherwise be shown to be in the public domain. In the event of a dispute with regard to the designation of any discovery material as Confidential Information and/or Highly Confidential Information, counsel shall endeavor in good faith to resolve their dispute on an informal basis before presenting the matter to the Court for resolution.



DONAHUE & ASSOCIATES
1620 Benj. Franklin Plaza • One S.W. Columbia Street
Portland, OR 97258-2098 •(503) 226-1084

15. All deposition transcripts and exhibits, written discovery requests and responses thereto, legal memoranda, motion papers or other written materials or things submitted to the Court which contain or quote or refer to Confidential Information and/or Highly Confidential Information shall be filed with the Court in a sealed envelope or other appropriate sealed container which shall be endorsed with the title of this action, an indication of the contents of such sealed envelope or other container, and a statement substantially in the following form:

***CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER***
***FILED UNDER SEAL***

16. Nothing in this Protective Order shall prevent a party or its attorneys from using any Confidential Information and/or Highly Confidential Information (1) at a deposition or hearing; (2) to prepare for and conduct discovery in this action; (3) to support or oppose any motion made in this action; (4) to prepare for trial; (5) during trial; or (6) during any appeal. Under these circumstances, the portion of any transcript designated as containing Confidential Information and/or Highly Confidential Information shall be subject to all of the provisions of this Protective Order.

17. Nothing contained in this Protective Order shall be construed to require production of Confidential Information and/or Highly Confidential Information deemed by counsel of record possessing such information to be privileged or otherwise protected from discovery, provided that a privilege log detailing the date, author, recipient and subject matter of the information withheld is provided to the party requesting the information.

18. Documents and things designated as containing Confidential Information and/or Highly Confidential Information and any copies or extracts thereof, shall be retained in the custody of the attorneys of record during the pendency of this action, except as reasonably necessary to provide access to persons authorized under the provisions of this Protective Order.

19. Within sixty (60) days after final termination of this action, including any appeal, each party shall assemble all documents and things furnished and designated by any other


DONAHUE & ASSOCIATES
1620 Benj. Franklin Plaza • One S.W. Columbia Street
Portland, OR 97258-2098 •(503) 226-1084

party as containing Confidential Information and/or Highly Confidential Information and shall (1) return any original documents and things to the producing party, (2) either destroy the remaining documents and things or return them to the producing party, such election to be made by the producing party. The attorneys of record for each party shall be entitled to retain all pleadings, motion papers, discovery responses, deposition transcripts, legal memoranda, correspondence and work product.

20. This Protective Order is without prejudice to the right of any party to seek modification by the Court of any of the terms of this Protective Order, or to present to the Court any matter which is the subject of this Protective Order.

21. This Protective Order does not prohibit the use or disclosure of information obtained by a party otherwise than in this case and under this order, even if such information is additionally contained in materials provided by the opposing party and marked as Confidential Information and/or Highly Confidential Information under this order. Where such information is obtained and is additionally contained in materials designated as Confidential Information and/or Highly Confidential Information under this order, the materials provided and marked according to paragraphs 6 to 8 of this order shall be maintained as confidential, although the particular information contained therein which was independently obtained may be disclosed or used. The restrictions on use and disclosure set forth herein shall not apply to information that, prior to being obtained pursuant to pretrial discovery in this action, either was in the possession or knowledge of the party obtaining such information or was demonstrably public knowledge. The restrictions on use and disclosure set forth herein shall not apply to information that after being obtained, becomes demonstrably public knowledge other than by act or omission by the party obtaining such information.

22. Nothing contained in this Protective Order shall prohibit the transmission or communication of Confidential Information and/or Highly Confidential Information by hand delivery, face-to-face conference; in sealed envelopes or containers via the mails or an established



DONAHUE & ASSOCIATES
1620 Benj. Franklin Plaza • One S.W. Columbia Street
Portland, OR 97258-2098 •(503) 226-1084

freight, delivery or messenger service; or by telephone, telegram, facsimile or other electronic transmission system if under the circumstances, there is no reasonable likelihood that the transmission will be intercepted and misused.

23. The terms of this Protective Order shall survive the final termination of this action to the extent that any Confidential Information and/or Highly Confidential Information is not or does not become known to the public.

DATED this 29th day of January, 2002.

______________________________

United States ~~District Court~~ Magistrate Judge

SO STIPULATED:

______________________________

Sean Donahue, OSB #79209
of Attorneys for Defendant Biotronik, Inc.

______________________________

Randall T. Skaar of Attorneys for Plaintiff

 cfiles\biotron\angeion\protectorder

DONAHUE & ASSOCIATES
1620 Benj. Franklin Plaza • One S.W. Columbia Street
Portland, OR 97258-2098 •(503) 226-1084

CLE - 704644.1